UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SANDOVAL,<br>           Plaintiff,<br>    v.<br>D. FERRER,<br>           Defendant. | Case No. 24-cv-04045-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

## LEGAL STANDARDS

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a

1  claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has

2  recently explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal

3  conclusions can provide the framework of a complaint, they must be supported by factual

4  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their

5  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*

6  *v. Iqbal*, 556 U.S. 662, 679 (2009).

7      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

8  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

9  alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

10  487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that a nurse was deliberately indifferent to his serious medical needs.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer* at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference."

2

1  *Id.* If a prison official should have been aware of the risk, but did not actually know, the official

2  has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of*

3  *Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

4        Plaintiff states that on November 24, 2023, he was vomiting blood, had trouble breathing,

5  had pressure in his chest, pains in his side and was exhibiting other symptoms. When his health

6  did not improve, he sought medical help on November 28, 2023. He described his symptoms to

7  Defendant nurse Ferrer, who stated, "if you can talk, you can breathe," "stop being a baby" and "if

8  you can walk it's not really an emergency." She then told him to submit a health care request

9  form. Plaintiff submitted a health care request form, but his condition worsened. Plaintiff sought

10  medical treatment from Defendant on December 4, 2023, but she did not provide any assistance

11  and sent him back to his cell. On December 6, 2023, Plaintiff passed out and was taken to Salinas

12  Valley Medical Center, where it was determined that he had Valley Fever, pneumonia, an

13  accumulation of fluid in his lungs and liver damage. Plaintiff remained in the hospital for eleven

14  days. Plaintiff alleges that Defendant violated his rights by failing to provide any medical care.

15  This claim is sufficient to proceed.

## CONCLUSION

17      The Court orders that the Defendant Nurse D. Ferrer be served electronically at

18  Correctional Training Facility.

19      Service on the listed Defendant will be effected via the California Department of

20  Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners

21  in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via

22  email the following documents: the operative complaint (dkt. 1), this order of service, the notice of

23  assignment of prisoner case to a United States magistrate judge and accompanying magistrate

24  judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver

25  form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

26      No later than 40 days after service of this order via email on CDCR, CDCR shall provide

27  the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendants

28  listed in this order will be waiving service of process without the need for service by the United

States Marshal Service (USMS) and which Defendants decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the Court a waiver of service of process for the Defendants who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendants who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

In order to expedite the resolution of this case, the Court orders as follows:

No later than **sixty days** from the date of service, Defendant shall file their motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that such motion is due. Moreover, all papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **thirty days** from the date the motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendant files a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

If Defendant wishes to file a reply brief, they shall do so no later than fifteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel, if and when counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: 09/09/2024

ROBERT M. ILLMAN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.